UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**MEDICAL ARTS SANITARIUM INC.,
d/b/a CORNERSTONE TREATMENT
FACILITIES NETWORK,**

*Plaintiff,*

**-vs-**

**CORNERSTONE FAMILY
HEALTHCARE,**

*Defendant.*

Civil Action No. _1:17-cv-1383 (GLS/ATB)

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Medical Arts Sanitarium Inc. d/b/a Cornerstone Treatment Facilities Network (hereinafter, "Cornerstone" or "Plaintiff"), by their attorneys, Barclay Damon, LLP, as and for its Complaint against the defendant, Cornerstone Family Healthcare (hereinafter, "CFH" or "Defendant"), allege as follows:

### Nature of Action

1.     This is an action for (a) unfair competition, false descriptions and false designations of origin in commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (c) unfair competition under the common law of the State of New York.; and (d) common law trademark infringement under New York State Law.

### Parties

2.     Cornerstone is a corporation organized and existing under the laws of the State of New York, with places of business at 159-05 Union Turnpike, Fresh Meadows, New York 11366 and at 500 Milan Hollow Road, Rhinebeck, New York 12572.

3.      Upon information and belief, Cornerstone Family Healthcare ("CFH") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2570 Route 9W, Cornwall, New York, 12518.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) (actions arising out of the Lanham Act); 28 U.S.C. § 1331 (actions arising under the laws of the United States), § 1338(b) (action asserting related claim for unfair competition), and § 1367 (supplemental jurisdiction over related claims), and general principles of ancillary and pendent jurisdiction.

5.      This Court has personal jurisdiction over the Defendant because it regularly engages in extensive business transactions and solicitations in the State of New York and within this District, has contracted to supply goods and services within this District, and/or has committed acts of trademark infringement and/or unfair competition within this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.      Specifically, instances of actual confusion have occurred in this district, namely, individuals in the pertinent industry have mistaken Plaintiff's mark for the marks used by Defendant. Furthermore, CFH has caused an actual and a likelihood of confusion as to source, sponsorship or affiliation in the marketplace in general by having a confusingly similar trademark applied to buildings in which CFH services are rendered. They have also caused confusion as to source by advertising their services at the same industry trade show as Cornerstone.

8.      For example, at a recent trade show in this District, The Friends of Recovery New York Conference which took place in Albany on October 1-2, 2017, a potential customer of Cornerstone made the mistake of believing that Cornerstone's services were one and the same with CFH's services and also that CFH was somehow related to, sponsored, or endorsed by CFH.

**Factual Allegations**

**Cornerstone's History**

9.      Cornerstone is a medical care provider that has been providing medical and treatment services since 1936 and under the CORNERSTONE mark since 1989. These services have always been rendered under the trademark, CORNERSTONE.

10.     The services include, but are not limited to, medically supervised substance withdrawal services, inpatient rehabilitation services, relapse prevention services and inpatient detox services.

11.     The services provided under this mark are rendered from two CORNERSTONE facilities—one in Fresh Meadows, New York, and one in Rhinebeck, New York. Through this platform, Cornerstone's services are available to millions of potential patients.

12.     Cornerstone maintains a web page at www.cornerstoneny.com.

13.     Through its long existence, Cornerstone has provided hundreds of millions of dollars' worth of services under the CORNERSTONE mark.

14.     Further, Cornerstone has spent substantial sums of money, advertising, promoting, and marketing the CORNERSTONE-branded services.

15.     As a result of these expenditures, the public has become educated to know that the services rendered under the CORNERSTONE mark are rendered by a single source. That source is Cornerstone.

**Relevant Facts and Defendant's Acts of Infringement**

16.     Upon information and belief, CFH is a healthcare organization with six locations in New York State: Newburgh, Binghamton, Goshen, Highland Falls, New City, and New Windsor.

17.     These locations geographically overlap with Cornerstone's.

18.     Cornerstone's patients could easily travel to CFH's facilities, as the facilities are within driving distance.

19.     Upon information and belief, CFH provides "addiction services" which are identical or extremely related to the services rendered by Cornerstone.

20.     Upon information and belief, on or about October 28, 2015, CFH purchased the domain name, cornerstonefamilyhealthcare.org (hereinafter, the "CFH" website).

21.     The CFH domain name and Cornerstone's domain name are so similar in appearance that there is a likelihood of confusion as to source, sponsorship or affiliation of the advertised services.

22.     Upon information and belief, on or about the early part of 2017 after several reputation-damaging occurrences, CFH decided to rebrand itself and become Cornerstone Family Healthcare and use the CORNERSTONE FAMILY HEALTH trademark.

23.     Upon information and belief, in or about the early part of 2017, CFH changed its name from The Greater Hudson Valley Family Health Center to Cornerstone Family Health.

24.     Upon information and belief, prior to adopting its new name, CFH had not previously, at any time, used the term "Cornerstone."

25.     At the time of the rebranding, CFH was fully aware of the existence of Cornerstone and the CORNERSTONE Mark.

26.     Despite the knowledge of the usage of the term, CORNERSTONE as a trademark, CFH decided to adopt the CORNERSTONE FAMILY HEALTHCARE mark without permission of Cornerstone.

## Count I
### False Description and Designation of Origin and
### Unfair Competition in Violation of 15 U.S.C. § 1125(a)

27.     Plaintiff repeats and reasserts all allegations contained in Paragraphs 1 through 26 above as if they were stated in full herein.

28.     In violation of 15 U.S.C. § 1125(a)(1)(A), Defendant in connection with the its use of the mark, CORNERSTONE FAMILY HEALTH, used in commerce a slogan, trade dress, word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was or is likely to cause confusion or to cause mistake or to deceive as to an affiliation, connection, or association with Plaintiff.

29.     Defendant's actions constitute willful infringement of Plaintiff's exclusive rights in the CORNERSTONE mark.

30.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to the valuable CORNERSTONE mark and associated trade dress and to their reputation in the industry. Unless Defendant is restrained from further infringement of the aforementioned marks, Plaintiff will continue to be irreparably harmed.

31.     Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendant's acts are allowed to continue.

32.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to the valuable CORNERSTONE mark and associated trade dress and other damages in an amount to be proved at trial.

## Count II
### (*Unfair Competition in Violation of New York Common Law*)

33.    Plaintiff repeats and reasserts all allegations contained in Paragraphs 1 through 32 above as if they were stated in full herein.

34.     In violation of the common law of the State of New York, Defendant has engaged in unfair competition by using a mark so similar in sight sound and meaning to that of Plaintiff's CORNERSTONE mark that the public will be confused as to the identity and source of the products and/or services rendered.

35.     On information and belief, Defendant has acted in bad faith, without Plaintiff's authorization or consent, and with full knowledge of Plaintiff's CORNERSTONE Mark.

36.     Defendant's acts as described above constitute unfair competition in violation of Plaintiff's rights under New York State common law, as preserved by N.Y. Gen. Bus. Law. § 360-o.

37.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to its valuable goodwill and reputation in the industry. Unless Defendant's conduct is restrained, Plaintiff will continue to be irreparably harmed.

38.     Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

39.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, restraining it from any further acts of unfair competition, and, after trial, recovery of

any damages (to the extent calculable) proven to have been caused by reason of Defendant's aforesaid acts.

## Count III
### (Common Law Trademark Infringement)

40.     Plaintiff repeats and reasserts all allegations contained in Paragraphs 1 through 39 above as if they were stated in full herein.

41.     In violation of the common law of the State of New York, Defendant has willfully used and infringed Plaintiff's marks stated in all of the claims for relief above, in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

42.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to its valuable marks and its reputation in the industry. Unless Defendant is restrained from further infringement of Plaintiff's marks, Plaintiff will continue to be irreparably harmed.

43.     Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm that it will suffer if Defendant's acts are allowed to continue.

44.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to its valuable marks, marketing platform, reputation, and other damages in an amount to be proven at trial

### Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

### Request For Relief

**WHEREFORE**, Plaintiff urges the Court to grant the following relief:

A.     Entry of judgment that:

     i.       Defendant has infringed Plaintiff's CORNERSTONE mark;

     ii.      Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

     iii.     Defendant has engaged in trademark infringement and unfair competition in violation of the common law of the State of New York;

     iv.     Defendant has engaged in common law trademark infringement in violation of the common law of the State of New York;

B.     Entry of judgment that preliminarily and/or permanently enjoins Defendant and its representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with Defendant from

     i.       Using any of the CORNERSTONE marks and/or trade dress, and any marks confusingly similar thereto;

     ii.      Infringing the CORNERSTONE marks and/or trade dress;

     iii.     Unfairly competing with Plaintiff in the manufacture sale, distribution, rendering services, advertising or any other use of the CORNERSTONE marks and/or trade dress;

     iv.     From falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff or engaging in any action which is likely to cause the trade, distributors, customers and/or users of the services to believe that Defendant is associated with Plaintiff;

     v.      From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

C.     Ordering that within fifteen days after the entry and service of a temporary, preliminary or permanent injunction, Defendant serves and files a written report under oath setting forth in detail the manner and form in which it has complied with the injunction;

D.     Ordering that all infringing material be turned over, seized, impounded and/or destroyed;

E.     That Defendant account for and pay over to Plaintiff any profits realized by Defendant by reason of its unlawful or deliberate acts as alleged herein;

F.     Awarding to Plaintiff treble damages;

G.   Awarding to Plaintiff attorney's fees and costs in this action;

H.   Awarding to Plaintiff pre-judgment and post-judgment interest; and

I.   Awarding such other and further relief to Plaintiff as may be just, proper, and equitable.

J.   Such other and further relief as is just and proper.

Date:  December 21, 2017

**BARCLAY DAMON, LLP**

By: _____
       Jason S. Nardiello (107138)
       John D. Cook (511941)

Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:   (315) 425-2700
Facsimile:    (315) 425-2701

*Attorneys for Plaintiff*
MEDICAL ARTS SANITARIUM INC.,
d/b/a CORNERSTONE TREATMENT
FACILITIES NETWORK